IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| | § | COMPLAINT |
| Plaintiff, | § § | |
| v. | § § | |
| | § | CIVIL ACTION NO. |
| BIG LOTS, INC., | § § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment discrimination on the basis of gender (sexual harassment) and opposition (retaliation) to provide appropriate relief to Michelle Pritchard, who was adversely affected by the unlawful practices. While employed by Defendant Big Lots, Inc. ("Defendant"), Ms. Pritchard was subjected to discriminatory treatment because of her gender. The discriminatory treatment included being subjected to sexual harassment. The discrimination also included being retaliated against for opposing her discriminatory treatment. Defendant reduced her hours and constantly harassed her about getting an abortion, leading to her constructive discharge on or about May 11, 2007.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Lufkin Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Big Lots, Inc., ("Defendant"), an Ohio corporation, has continuously been doing business in the State of Texas and the City of Lufkin and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF TITLE VII CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michelle Pritchard filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2, 2006, Defendant has engaged in unlawful employment practices

at its Lufkin, Texas facility, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and §704 of Title VII, 42 U.S.C. § 2000e-3. After rehiring Michelle Pritchard in April 2006, Defendant's general manager Narcisso Marquez, subjected Ms. Pritchard to a sexually hostile working environment, including forcibly having unwelcome and unwanted sex with her on two occasions in November 2006 at the Big Lots store.

8. When Defendant and Marquez learned that a complaint about Marquez's sexual misconduct with Ms. Pritchard was lodged with Defendant, Marquez cut her working hours and constantly berated her to get an abortion.

9. Because of the intolerable working conditions she experienced due to Marquez's retaliatory actions, Ms. Pritchard was constructively discharged on May 11. 2007.

10. The effect of the practice(s) complained of above has been to deprive Michelle Pritchard of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

11. The unlawful employment practices complained of above were and are intentional.

12. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Michelle Pritchard .

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining the Defendant its officers, successors, assigns

and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of sex, including subjecting its employees to a sexual hostile working environment.

C.     Grant a permanent injunction enjoining the Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of opposition to discrimination.

D.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

E.     Order Defendant to make whole Michelle Pritchard by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to backpay and frontpay, with interest.

F.     Order Defendant to make whole Michelle Pritchard by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket such as job search expenses and insurance expenses in amounts to be proved at trial.

G.     Order Defendant to make whole Michelle Pritchard by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to determined at trial.

H.     Order Defendant to pay Michelle Pritchard punitive damages for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

    I.       Grant such further relief as this Court deems necessary and proper in the public interest.

    J.       Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                Respectfully submitted,

                Ronald Cooper
                General Counsel

                James L. Lee
                Deputy General Counsel

                Gwendolyn Young Reams
                Associate General Counsel

                Equal Employment Opportunity Commission
                1801 L Street, N.W.
                Washington, D.C. 20507

                Jim Sacher
                Regional Attorney
                Houston District Office
                1919 Smith Street, 7th Floor
                Houston, Texas 77002

                */s/ Rudy L. Sustaita /s/*
                Rudy L. Sustaita
                Senior Trial Attorney
                Attorney-in-Charge
                Texas Bar No. 19523560
                EQUAL EMPLOYMENT OPPORTUNITY
                      COMMISSION

Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 209-3400
Facsimile: (713) 209-3402