

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 9:08-CV-177 |
| and | § § | |
| MICHELLE PRITCHARD, | § § § | JUDGE RON CLARK |
| *Intervenor*, | § § | |
| v. | § § | |
| BIG LOTS STORES, INC., | § § | |
| *Defendant*. | § | |

**ORDER DENYING DEFENDANT'S MOTION FOR LATE DEPOSITION**

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed suit against Defendant Big Lots Stores, Inc., claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 *et seq*, alleging sexual harassment and constructive discharge. The employee, Michelle Pritchard, subsequently intervened, asserting state law claims for intentional infliction of emotional distress and assault. Big Lots then filed a Third Party Complaint against Narciso Marquez seeking indemnification and/or contribution from Mr. Marquez in the event that Big Lots was found liable on Ms. Pritchard's state law claims.

The court granted in part Big Lots's Motion for Summary Judgment on October 6, 2009, dismissing the EEOC's retaliation claims and Ms. Pritchard's state law claims. The October 6 Order also dismissed Big Lots's claims against Mr. Marquez with prejudice. Doc. # 64. Big

1

Lots now moves for leave to take the video deposition of Mr. Marquez, arguing that since all claims against him have now been dismissed, his attendance at trial can no longer be guaranteed.

Mr. Marquez is no longer a party in this case because of Big Lots's own motion for summary judgment. There is no indication that Mr. Marquez would present any evidence that Big Lots cannot introduce through other witnesses. The prejudice to the other parties would be substantial, and no continuance is available based on the court's schedule. Big Lots's motion for leave is denied.

## I. Background

A timeline of events is instructive:

| | |
|---|---|
| September 29, 2008 | Case is filed. |
| January 2, 2009 | Michelle Pritchard is permitted to intervene, and files her Complaint alleging a state law claim for intentional infliction of emotional distress. She amends her Complaint on February 5, 2009, adding a second state law claim for assault. |
| March 30, 2009 | Scheduling Order entered, setting the discovery deadline as September 11, 2009. |
| May 5, 2009 | Big Lots moves for leave to file a Third Party Complaint against Mr. Marquez on all of the EEOC and Ms. Pritchard's claims. |
| May 27, 2009 | The court grants Big Lots's motion for leave in part, permitting Big Lots to file a Third Party Complaint against Mr. Marquez only with respect to Ms. Pritchard's state law claims. Big Lots files its Complaint on May 29. |
| July 24, 2009 | Dispositive motions deadline. Big Lots files a motion for summary judgment seeking, among other things, dismissal of Ms. Pritchard's state law claims. |

| | |
|---|---|
| September 11, 2009 | Discovery closes. |
| October 6, 2009 | The court grants Big Lots's motion for summary judgment in part, dismissing Ms. Pritchard's state law claims and Big Lots's indemnification and contribution claims against Mr. Marquez. |
| October 13, 2009 | Big Lots files the instant motion for leave, along with a motion to expedite briefing. This is also the deadline for motions in limine and the parties' Joint Final Pre-Trial Order. |

The Final Pre-Trial Conference in this case is set for November 2, 2009, with jury selection and trial to follow on November 9.

## II. Discussion

Big Lots argues that since its indemnification and contribution claims against Mr. Marquez have been dismissed, Mr. Marquez's presence at trial is no longer guaranteed. According to Big Lots, Mr. Marquez resides in Jal, New Mexico, and is therefore outside the subpoena power of this court. Therefore, it now seeks leave to depose Mr. Marquez. This request comes almost five weeks after discovery has closed and less than four weeks before trial is set to commence, and is brought on an expedited basis at a time when the parties should be preparing for trial rather than conducting depositions and other discovery.

A. <u>Applicable Law</u>

Big Lots suggests that the court should draw a distinction between depositions conducted for discovery and trial purposes, arguing that while a discovery deposition would not generally be permitted after discovery closed, a deposition taken in order to preserve Mr. Marquez's testimony for trial would not be foreclosed.

There is a difference between a deposition taken for discovery purposes and one taken because a witness is unavailable for trial. The fact that discovery is closed is not dispositive of a party's "need, or his right, to have the jury hear . . . [a witness's] testimony." *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982).

However, a party's right to present evidence is not unlimited, and does not trump all other considerations. Courts may bar testimony by a fact witness who was not timely disclosed. Fed. R. Civ. P. 37(c)(1). An expert witness may be limited to the opinions set out in his or her initial report. *Id.*; *see also* Fed. R. Evid. 703, 705; *Polythane Sys., Inc. v. Marina Ventures Int'l Ltd.*, 993 F.2d 1201, 1207 (5th Cir. 1993) (an expert may testify to the basis for his or her opinion, but cannot testify as to otherwise inadmissible evidence). Courts are to administer the Federal Rules of Civil Procedure so as to allow a fair opportunity to present evidence that promotes justice, while at the same time providing for a "speedy and inexpensive determination" of every case. Fed. R. Civ. P. 1.

The court has not found a case that sets out a list of factors to be considered when determining whether a late deposition to preserve testimony for trial should be allowed.[1] A

---

[1] While the Fifth Circuit has suggested the circumstances under which the deposition of a witness unavailable for trial would be appropriate, *see Charles*, 665 F.2d at 664, it does not appear to have had occasion to analyze the factors to be considered. An unpublished district court opinion analyzed four factors in determining whether to allow an unlisted witness to testify, *Prince Lionhart, Inc. v. Halo Innovations, Inc.*, 2007 WL 2935818 (D. Colo. Oct. 5, 2007) (relying on *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001)), but drew these factors from Tenth Circuit precedent on whether to permit modification of a scheduling order or allow late-disclosed witnesses to testify. The *Prince Lionhart* factors are similar to those approved by the Fifth Circuit for determining whether a deposition deadline should be extended. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (the court should consider: (1) the explanation for the failure to depose the witness on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.).

review of case law and consideration of the sometimes competing policy considerations results in the following non-exhaustive list of factors:

1. The reason for the request and whether the moving party could reasonably have timely anticipated the need for the deposition;

2. The importance of the testimony to the moving party's case;

3. The availability of other ways to present the desired evidence;

4. The potential for unfair prejudice to the non-moving party; and

5. Whether a continuance would have an undue impact on the court's schedule.

B. <u>Analysis</u>

1. *The reason for the request and whether the moving party could reasonably have timely anticipated the need for the deposition*

Big Lots argues that because Mr. Marquez's appearance at trial is no longer "guaranteed," it should now have the opportunity to obtain his deposition for trial. However, Mr. Marquez lives in New Mexico, and his appearance at trial was never "guaranteed." Even as a party, he had little incentive to undertake the substantial costs of traveling to Texas for trial, unless he has substantial non-exempt assets or an unusual insurance policy covering assault. A man who has admittedly impregnated an employee might well decide that nothing he could say to a jury would help his position.

The court recognizes that Big Lots would not normally depose its own or "friendly" witnesses. *See Charles,* 665 F.2d at 664; *Estenfelder,* 199 F.R.D. at 355. However, Mr. Marquez was clearly not a "friendly" witness to Big Lots. He was sued by Big Lots for indemnification and contribution. They have adverse interests, and there is no indication that Big Lots knew how Mr. Marquez would testify.

5

The *only reason* Mr. Marquez was dismissed from this case was because Big Lots moved for summary judgment on Ms. Pritchard's state law claims. Big Lots presumably did not file a motion it thought was frivolous. It should have anticipated the motion would be grated, especially in light of the scant response by the EEOC and Ms. Pritchard with respect to the state law claims. Big Lots should have appreciated the implications of the motion if it prevailed, and planned accordingly by taking Mr. Marquez's deposition earlier. If Big Lots is deprived of Mr. Marquez's trial testimony, the fault lies entirely with Big Lots. This factor supports denying Big Lots's motion.

2.   *The importance of the testimony to Big Lots's case*

Although Big Lots suggests that Mr. Marquez's testimony is important because he is the alleged harasser in this case and his response to Ms. Pritchard's allegations of sexual assault "would be expected by the jury," it provides the court with no specific details as to what information Mr. Marquez would offer that other witnesses could not.

In the related context of requesting a continuance because of the unavailability of a witness, the moving party should show that the testimony is material and important. *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1570-71 (5th Cir. 1989) (moving party did not show that the absence of one Defendant created prejudice to justify a continuance); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1158-59 (5th Cir. 1985) (moving party failed to show excluded witness's testimony was material and justified a continuance).

The claim that Mr. Marquez's testimony is "important" is undercut by the fact that Big Lots waited one week after the court's October 6 Order on Big Lots's motion for summary judgment was entered to make this motion. This suggests a tactical maneuver designed to

6

distract the other parties from trial preparations with last-minute discovery motions. This factor strongly supports denial of the motion.

3. *The availability of other ways to present the desired evidence*

Because the court has no indication of why Mr. Marquez's testimony would be important to Big Lots, it cannot discuss all of the ways in which Big Lots could have presented the evidence it hoped to elicit from Mr. Marquez. However, if it planned to have Mr. Marquez testify about the investigation of Ms. Pritchard's harassment claims by Big Lots's supervisors, this evidence could be presented through the testimony of these supervisors, the documents they produced in the course of their investigation, or the testimony of employees they interviewed.

In short, there is little evidence the court can think of that could not be presented by means other than Mr. Marquez's testimony. *See Harbor Tug & Barge, Inc. v. Belcher Towing Co.*, 733 F.2d 823, 827 (11th Cir. 1984) (failure to grant a continuance to allow Defendant to produce a witness who had previously been cross-examined and whose deposition was before the court was not error, because the "sole purpose" of the absent witness's testimony would have been to introduce "cumulative evidence"). The lack of prejudice to Big Lots weighs against granting the motion.

4. *The potential for unfair prejudice to the non-moving party*

When suggesting that no prejudice would come to the EEOC or Ms. Pritchard by allowing Mr. Marquez's deposition, Big Lots states in its motion that it "cannot come as a surprise" to the other parties that Big Lots would want Mr. Marquez to testify, and emphasizes that Mr. Marquez was listed in all parties' Initial Disclosures. This statement works both ways:

the testimony of an allegedly important witness who is undoubtedly hostile to Big Lots should have been secured earlier during the discovery process.

The prejudice to the EEOC and Ms. Pritchard at this point is considerable, especially when Big Lots's request for expedited consideration is taken into account. In the midst of responding to Big Lots's four substantive motions in limine, the EEOC and Ms. Pritchard are supposed to respond – on an expedited basis, if Big Lots has its way – to the motion for leave. If the motion for leave were granted, they would have to attend the deposition, potentially object to Big Lots's designations, and incorporate Mr. Marquez's testimony into their own cases. This is a substantial burden, and one that would be imposed less than four weeks before trial is scheduled to begin.

There are also significant expenses that will be incurred by the EEOC and Ms. Pritchard in connection with the deposition. Airfare to and hotels in New Mexico are likely to be more expensive when obtained at the last minute. Other probable costs include rush fees for deposition transcripts. Big Lots did not offer to pay the costs associated with Mr. Marquez's deposition, which would have demonstrated good faith. This factor weighs strongly against granting Big Lots's motion.

5. *Whether a continuance would have an undue impact on the court's schedule*

The court's schedule does not allow a brief continuance to allow the deposition in a way that is less disruptive to other parties. This chambers disposes of more than five hundred civil cases and criminal defendants per year. At this late date, no other case could be set for trial in the time allotted for this case. The court's docket is such that a trial could not be rescheduled for at least six months. Unlike criminal cases, employment cases are not given a statutory setting

preference. No good cause has been shown that would justify a preferred setting under 28 U.S.C. § 1657(a). This factor weighs against allowing Mr. Marquez's deposition to be taken.

C. <u>Conclusion</u>

Analysis of the above factors strongly favors denying Big Lots's motion for leave to depose Mr. Marquez.

IT IS THEREFORE ORDERED that Defendant Big Lots Stores, Inc.'s Motion for Leave to Take the Video Deposition of Narciso Marquez [Doc. # 66] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Expedite [Doc. # 68] is DENIED.

So **ORDERED** and **SIGNED** this **29** day of **October, 2009.**

_____
Ron Clark, United States District Judge